NOTICE OF OBJECTION TO CONFIRMATION

ROUNDPOINT MORTGAGE SERVICING CORPORATION has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
401 Market Street, 2nd Floor
Camden, NJ 08101**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC        ISABEL C. BALBOA, TRUSTEE
400 Fellowship Road, Suite 100             535 ROUTE 38 - SUITE 580
Mt. Laurel, NJ 08054                       CHERRY HILL, NJ 08002

Attend the hearing scheduled to be held on 06/03/2015 in the CAMDEN Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
401 Market Street, 2nd Floor
Camden, NJ 08101**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: May 20, 2015

/s/ Andrew Spivack
Andrew Spivack, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 31566
Fax: 856-813-5501
Email: andrew.spivack@phelanhallinan.com

**File No. 135209**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
ROUNDPOINT MORTGAGE SERVICING CORPORATION

| | |
|---|---|
| In Re:<br><br>ALBERT BROWN, JR. A/K/A ALBERT BROWN<br><br><br>Debtor | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE<br><br>Chapter 13<br><br>Case No. 15-15625 - TBD<br><br>Hearing Date: 06/03/2015 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, ROUNDPOINT MORTGAGE SERVICING CORPORATION, the holder of a Mortgage on debtor's residence located at 1138 EAST PARK AVENUE, VINELAND, NJ 08360 hereby objects to the Confirmation of the debtor's proposed Chapter 13 Plan on the following grounds:

1.   It should be noted that Movant is in the process of drafting and filing a Proof of Claim. The approximate arrears are $41,981.10.

2.   Debtor's Plan currently provides for payment to Movant in the amount of $39,582.00.   A copy of the Debtor's Plan is attached hereto as Exhibit "A" and made a part hereof.

3.   Debtor's Plan provides for the Debtor's pursuit of a loan modification. Debtor's Plan is speculative in nature in that the Plan contemplates curing the arrears through a loan modification that has neither been offered nor approved.

4.   Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5). Movant objects to Debtor's Plan as it is underfunded.  Debtor's Plan should be amended to fully fund the arrears owed to Movant. Confirmation of Debtor's proposed Plan should be denied.

5.   Debtor's plan provides for the monthly post-petition mortgage payment of $1,109.00. Movant objects to the Post-Petition mortgage payment as the actual payment amount is $1,126.26.

WHEREFORE, ROUNDPOINT MORTGAGE SERVICING CORPORATION respectfully requests that the Confirmation of Debtor's Plan be denied.

/s/ Andrew Spivack
Andrew Spivack, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 31566
Fax: 856-813-5501
Email: andrew.spivack@phelanhallinan.com

Dated: May 20, 2015

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**
_____

135209
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for ROUNDPOINT MORTGAGE SERVICING CORPORATION

In Re:

ALBERT BROWN, JR. A/K/A ALBERT BROWN

Case No: 15-15625 - TBD

Adv. No: _____

Hearing Date: 06/03/2015

Judge: ANDREW B. ALTENBURG, JR.

## CERTIFICATION OF SERVICE

1. I, Shannon N. Ettl:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents ROUNDPOINT MORTGAGE SERVICING CORPORATION in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On May 20, 2015, I sent a copy of the following pleadings and/or documents to the parties listed below:

   Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: May 20, 2015                    /s/ *Shannon N. Ettl*
                                           Shannon N. Ettl

Case 15-15625-JNP    Doc 13    Filed 05/20/15    Entered 05/20/15 16:56:19    Desc Main
Document      Page 5 of 13

2

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| ALBERT BROWN, JR. A/K/A ALBERT BROWN<br>1138 EAST PARK AVENUE<br>VINELAND, NJ 08360 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| RUTH ANN EDWARDS-BROWN<br>1138 EAST PARK AVENUE<br>VINELAND, NJ 08360 | Co-Debtor | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| AMY L. KNAPP, Esquire<br>1926 GREENTREE ROAD<br>SUITE 100<br>CHERRY HILL, NJ 08003 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| LEE MARTIN PERLMAN, Esquire<br>1926 GREENTREE ROAD<br>SUITE 100<br>CHERRY HILL, NJ 08003 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| ISABEL C. BALBOA, TRUSTEE<br>535 ROUTE 38 - SUITE 580<br>CHERRY HILL, NJ 08002 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

2

# EXHIBIT A

Last revised 12/1/11

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Albert Brown, Jr.

Case No.: _____

Judge: _____

Chapter:     13

Debtor(s)

## Chapter 13 Plan and Motions

- ☑ Original
- ☐ Motions Included
- ☐ Modified/Notice Required
- ☐ Modified/No Notice Required
- ☑ Discharge Sought
- ☐ No Discharge Sought

Date:  03/30/15

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM

### Part 1:    Payment and Length of Plan

a. The debtor shall pay $ __$1,000.00__ per __month__ to the Chapter 13 Trustee, starting on __04/01/15__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

- ☑ Future earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available):

Funds should be held by the trustee pending outcome of loss mitigation. If loss mitigation is not successful, debtor proposes to pay mortgage arrears via Chapter 13 plan.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:

Proposed date for completion: _____

☑ Loan modification with respect to mortgage encumbering property:
Description: Roundpoint Mtg

Proposed date for completion: _6 months from filing_

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:    Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ____860.50____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Roundpoint Mtg_____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Lee M. Perlman, Esquire | Attorney's fees | $2,545.00 |

2

| Part 4: | Secured Claims | | | | | |
|---|---|---|---|---|---|---|
| **a. Curing Default and Maintaining Payments** <br> The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows: | | | | | | |
| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) | |
| Roundpoint Mtg | 1138 E Park Ave | $39,582.00 | 5.5% | $0.00 (unless loss mit is denied) | $1,109.00 | |

**b. Modification**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

> **NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

    **c. Surrender**

        Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

    **d. Secured Claims Unaffected by the Plan**

        The following secured claims are unaffected by the Plan:

    **e. Secured Claims to be Paid in Full Through the Plan:**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims**

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

    ❏ Not less than $ _____ to be distributed *pro rata*

    ❏ Not less than _____ percent

    ☑ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

4

| Part 6: | Executory Contracts and Unexpired Leases | |
|---|---|---|
| All executory contracts and unexpired leases are rejected, except the following, which are assumed: | | |
| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|  |  |  |

**Part 7:    Motions**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with a Chapter 13 Plan Transmittal Letter, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A Proof of Service must be filed with the Clerk of Court when the Plan and Transmittal Letter are served.**

**Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation.  The   proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a).  The creditor shall file a proof of service prior to the scheduled confirmation hearing.  In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion.  Failure to appear to prosecute the objection may result in the motion being granted and the plan being confirmed pursuant to the terms as set forth in the plan.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

5

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| | | | |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

- ☑ Upon confirmation
- ❑ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions
2) Lee M. Perlman, Esquire
3) Unsecured
4) _____

**d. Post-Petition Claims**

The Trustee ❑ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

6

| Part 9: | Modification |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ❏ Yes    ❏ No

| Part 10: | Sign Here |
|---|---|

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date:  03/30/15 _____         /s/  Amy L. Knapp _____
                                                Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:  03/30/15 _____         /s/  Albert Brown, Jr. _____
                                                Debtor

Date: _____                   _____
                                                Joint Debtor

7